UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DILLON MCDOUGLAS BARR, JR.,

     Plaintiff,

v.                                   Case No. 3:20cv5455-MCR-HTC

UNITED STATES DEPARTMENT
OF AGRICULTURE FOOD AND
NUTRITION SERVICES,

     Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff, Dillon McDouglas Barr, Jr., proceeding *pro se,* filed a complaint alleging Defendant, United States Department of Agriculture Food and Nutrition Services, unlawfully disqualified him from the Supplemental Nutrition Assistance Program ("SNAP") and invalidated his food stamp license. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons which follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute, failure to comply

with Court orders, and failure to timely effectuate service on the Defendant under

Federal Rule of Civil Procedure 4(m).

On May 13, 2020, Plaintiff filed his Complaint, and paid the associated

$400.00 filing fee, but did not attach the requisite summons(es) for Defendant.

Pursuant to Federal Rule of Civil Procedure 4(b), after filing the complaint, the

Plaintiff may present a summons to the clerk for each defendant to be served. Fed.

R. Civ. P. 4(b). Accordingly, on May 15, 2020, the Court Ordered Plaintiff to present

the requisite summons(es) to the clerk for signature and seal and to promptly serve

the summons and complaint on Defendant in the manner prescribed by Rule 4 of the

Federal Rules of Civil Procedure.  ECF Doc. 1.  The Court warned Plaintiff that,

pursuant to Rule 4(m) of the Federal Rules of Procedure, he must complete service

within ninety (90) days of the date he filed his complaint or that the case may be

dismissed.  *Id.*

Plaintiff did not comply with the Court's May 15, 2020 order.  Therefore, on

August 18, 2020, the Court gave Plaintiff fourteen (14) days to show cause why this

case should not be recommended for dismissal for failure to prosecute or comply

with an order of the Court.  ECF Doc. 5.  Plaintiff was warned that failure to comply

may result in a recommendation that this case be dismissed for Barr's failure to

prosecute and failure to follow orders of the Court without further notice.  Plaintiff

Case No. 3:20cv5455-MCR-HTC

has not responded to the May 15 or August 18 orders.  Thus, the undersigned recommends the action be dismissed for failure to follow orders of the Court.

Additionally, Plaintiff has not taken any action in this case since filing the complaint.  Thus, the undersigned also recommends dismissal on the ground that Plaintiff has failed to prosecute this action.

Finally, under Federal Rule of Civil Procedure 4(m), this Court *must* dismiss an action against any defendant who has not been served within ninety (90) days after the complaint is filed, unless the plaintiff can show good cause for such failure to serve.  *See* Fed. R. Civ. P. 4(m).  As set forth above, Plaintiff filed this action on May 13, 2020.  Plaintiff's ninety (90) day deadline to serve the summons and complaint on Defendant expired on August 11, 2020.  Plaintiff has not served the Defendant and has not shown good cause for his failure to do so.  Plaintiff's failure to serve the Defendant is another ground for dismissal of this action.

Accordingly, it is respectfully RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with a Court order, and for failure to timely serve the Defendant under Rule 4(m).

2.    That the clerk be directed to close the file.

Case No. 3:20cv5455-MCR-HTC

At Pensacola, Florida, this 10th day of September, 2020.

_/s/ Hope Thai Cannon_
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days of the date of this order. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:20cv5455-MCR-HTC